IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA A. WILLIAMS, | § | |
| *Plaintiff* | § | |
| v. | § | Civil Action No. _____ |
| DOVENMUEHLE MORTGAGE, INC. and LNV CORPORATION, | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant **LNV CORPORATION** (hereinafter, "LNV") and files this Notice of Removal pursuant to LR 81 of the Local Rules of the United States District Court for the Southern District of Texas and 28 U.S.C. §§1331, 1441 and 1446. In support thereof, LNV alleges as follows:

### PROCEDURAL BACKGROUND IN THE STATE COURT AND TIMELY REMOVAL

1. On December 5, 2011, Plaintiff filed her Original Petition for Quiet Title and Request for Temporary Restraining Order under cause number 65980 in the 149th Judicial District Court of Brazoria County, Texas (the "State Court"). On December 6, 2011, Plaintiff filed her Amended Original Petition for Quiet Title and Request for Temporary Restraining Order (the "Petition").

2. On December 6, 2011, the ancillary judge for the State Court signed an ex-parte Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction. To the best

of LNV's knowledge, no temporary injunction hearing was ever held, and no temporary injunction has ever been granted. The Temporary Restraining Order therefore expired by its own terms on December 13, 2011.

3. LNV has never been served with citation or other process in this matter. This Notice of Removal is therefore timely filed, as provided by 28 U.S.C. §1446(b). *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999). According to State Court records, codefendant DOVENMUEHLE MORTGAGE, INC. has not been served with citation or other process in this matter.

4. Plaintiff has not demanded trial by jury in State Court.

GROUNDS FOR REMOVAL

5. <u>Federal Question Jurisdiction</u>. An action may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. §1441(a). Pursuant to 28 U.S.C. §1331, federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, and treaties of the United States. A case arises under federal law if a well pleaded complaint establishes that federal law created the cause of action *or* the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthcare Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-338 (5th Cir. 2008).

6. Plaintiff has pleaded a variety of causes of action under state and federal law, including a claim for recovery of damages for alleged mail fraud, wire fraud, and securities fraud under the civil Racketeering Influenced and Corrupt Organizations Act ("RICO"). Plaintiff is also seeking cancellation of her mortgage loan for alleged violations of the Truth in Lending Act

("TILA," 15 U.S.C. §1601) and the Real Estate Settlement Practices Act ("RESPA," 12 U.S.C. §2601). State laws that are inconsistent with RESPA are preempted to the extent of such inconsistency. 24 CFR §3500.13(a). If a statute is preempted, any complaint raising such a claim necessarily presents a federal issue. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

7. <u>Supplemental Jurisdiction</u>. To the extent not preempted under RESPA, this Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a). This section is a broad grant of supplemental jurisdiction over other claims within the same case or controversy. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558 (2005). §1367 grants the federal district courts jurisdiction to hear claims that do not independently come within the jurisdiction of the district court but form part of the same Article III case or controversy. *State National Insurance Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004). Federal district courts have supplemental jurisdiction over state law claims that share a common nucleus of operative fact with federal claims. *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp.2d 800, 805 (S.D. Tex. 2000). This principle applies with equal force to cases originally filed in, or removed to, federal court. *id.* at 806.

8. All of the Plaintiff's claims, whether arising under state or federal law, are based on the same common nucleus of operative facts alleged in connection with the default on her home mortgage loan. In conjunction with federal causes of action under RESPA, TILA, and RICO, the courts have upheld supplemental jurisdiction over state law claims substantially the same as those pleaded by the Plaintiff herein. *See Brock v. Thomas*, 782 F.Supp.2d 133,139 (E.D. Pa. 2011); *Darling v. Western Thrift & Loan*, 600 F.Supp. 2d 189, 195 (D. Me. 2009).

## STATE COURT DOCUMENTS

9. Copies of all documents required by 28 U.S.C. §1446(a) and LR 81, an Index of Matters Being Filed, and a List of Counsel of Record are attached to this Notice of Removal.

## VENUE

10. Venue is proper in this district under 28 U.S.C. §1441(a) because the state district court where the suit has been pending is located in the Southern District of Texas, Houston Division.

## NOTICE TO STATE COURT

11. Defendant will promptly file a notice of removal with the District Clerk of Brazoria County and serve a copy of this notice on counsel for the Plaintiff.

WHEREFORE, Defendant hereby removes this action to the United States District for the Southern District of Texas.

Respectfully submitted,

s/ *Thomas G. Overbeck*
Thomas G. Overbeck
State Bar no. 15353450
Southern District no. 5531

ATTORNEY IN CHARGE FOR
DEFENDANT, LNV CORPORATION

Of Counsel:
GREGG & VALBY, PC
1700 West Loop South, Suite 200
Houston, Texas 77027
(713) 960-1377
(713) 960-1809 (fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on counsel of record for the Plaintiff in accordance with the Administrative Procedures for Electronic Case Filing in the Southern District of Texas on the 26th day of January, 2012 by the Notice of Electronic Filing from the Court's Electronic Filing System and/or by deposit into the care and custody of the United States Postal Service in an envelope addressed to:

> Lanease D. Fuller
> Barbara J. Hudson
> FORECLOSURE ASSISTANT LEGAL CENTER
> 4615 Southwest Freeway, Suite 820
> Houston, Texas 77027

> s/ *Thomas G. Overbeck*
> Thomas G. Overbeck