NO. 65980

| | | |
|---|---|---|
| LISA A. WILLIAMS<br>Plaintiff | § § § | IN THE DISTRICT COURT |
| v. | § § § § | |
| | § | OF BRAZORIA COUNTY, TEXAS |
| DOVENMUEHLE MORTGAGE INC, and<br>LNV CORPORATION<br>Defendant(s) | § § § § | 149ᵀᴴ JUDICIAL DISTRICT |

## PLAINTIFFS' AMENDED ORIGINAL PETITION FOR QUIET TITLE AND REQUEST FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LISA A. WILLIAMS, hereinafter called Plaintiff, complaining of and about DOVENMUEHLE MORTGAGE INC, and LNV CORPORATION hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.

### II. PARTIES AND SERVICE

Plaintiff LISA A. WILLIAMS is an individual party residing in Brazoria County, Texas Defendant, DOVENMUEHLE MORTGAGE INC, and LNV CORPORATION. DOVENMUEHLE MORTGAGE INC is a corporation trust and no listing of such trust exist, and service of process may be effected by serving it's Attorney's Baxter & Reyes at 5950 Berkshire Lane, Suite 410, Dallas, Texas 77525. LVN CORPORATION is as Corporation and service of process may be effected by

EXHIBIT 1

11582

serving Attorney's Baxter & Reyes at 5950 Berkshire Lane, Suite 410, Dallas, Texas 77525. The last three digits of the Texas driver's license number of **LISA A. WILLIAMS 843**. The last three digits of the social security number for **LISA A. WILLIAMS** are 497.

### III. JURISDICTION AND VENUE

1. The subject matter in controversy is within the jurisdictional limits of this court.

2. Venue in Brazoria County is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said section, and this county is where all or part of the real property is located.

### IV. NATURE OF ACTION

1. This is a suit to enjoin a non-judicial sale by Defendants that is scheduled on December 6, 2011 at Brazoria County Court house between the hours of 1:00p.m. and 4:00p.m. The Plaintiffs requests that the Defendants be enjoined and restrained conducting that sale under an unlawful declaration of default and acceleration of maturity of a promissory note.

2. This suit alleges negligence and bad faith and other elements of law. Plaintiffs has owned and occupied the property at _____ \_ \_ ⁻earland, Texas 77584 for 8 years. Plaintiffs is the owner of record of the property of deed.

3. Defendants has failed to produce any evidence that they are the holder in due course of any instrument granting any rights to foreclose and is acting ultra vires and have no authority to foreclose. Prior to filing this lawsuit, Plaintiffs have requested

2

Defendants to produce documentation regarding the validity of the debt and documentation showing a valid security instrument in Plaintiffs property written Notice Given.

4.      Defendant's has not been given the proper notice required by the Texas Rules of Civil Procedure to foreclosure on their property. Plaintiff received the notice of acceleration and notice of substitute trustee sale on the same date. See (exhibit 1) the law requires that the Defendant must first send the notice of default and ,acceleration thereafter within, then give the Defendants written twenty one days before the foreclosure notice of the trustee's sale, must be given.

5.      As a result Defendants **DOVENMUEHLE MORTGAGE INC, and LNV CORPORATION** have failed to show they have authority to foreclose and that verify they are a holder is due course. Foreclosing on Plaintiff's property will cause injury to Plaintiffs by alienating them from their property.

## V. EXECUTION OF NOTE AND DEED OF TRUST

1.      Plaintiff purchased a certain tract of real property in Brazoria County, Texas from **DOVENMUEHLE MORTGAGE SERVICING** on a certain date, the Plaintiffs executed and delivered to **DOVENMUEHLE MORTGAGE INC** an interest, a promissory note.

2.      To secure payment of the note, and as part of the transaction, the Plaintiff's executed a deed of trust dated February 28, 2003. The deed of trust is recorded in Deed of Trust Records of Brazoria County, Texas Recorded in Clerk's File No. 03014870.

**Legal Description:** LOT SEVENTEEN (17), IN BLOCK THREE (3), OF AUTUMN LAKE SECTION ONE (1), A SUBDIVISION OF 79.6121 ACRES LOCATED IN THE H.T.& B.R.R CO SURVEY, ABSTRACT 304, PEARLAND, BRAZORIA COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 21, PAGE 377-382 OF THE PLAT RECORDS OF BRAZORIA COUNTY, TEXAS (Property).

3. The current Mortgagee is **DOVENMUEHLE MORTGAGE INC and/or LNV CORPORATION.**

4. Plaintiff has not been able to communicate efficiently with **DOVENMUEHLE INC. and/or LNV CORPORATION.** Plaintiffs had attempted to obtain a modification of her contract with the Defendant servicer company **DOVENMUEHLE INC.**

## VI. FAILURE OF CONSIDERATION AND COMMON LAW FRAUD

1. The Defendants provided no more than a promise to pay the substance of value known as "legal tender" by issuing a promise to pay said legal tender through the issuance of negotiable instruments. Any legal lender that the Defendants did actually contribute, as a result of the negotiable instruments later being presented to them, was a secondary and unrelated transaction. Defendants did not pay the value, as agreed to in the note, to the parties to whom they agreed to lend the money.

2. Defendants provided to the alleged borrower were a promise to pay value on the form of negotiable instruments. These negotiable instruments in and of themselves contained no value. They were merely promises to pay all value at a later date. As no value was contributed by the purported "lender" with all the formation and completion of

the loan agreement contract, the "contracts evidenced by the Promissory Note and Deed of Trust are invalid. Plaintiffs further show that the actions and/or omissions of Defendants described hereinabove, constitute Breach of Contract, which proximately caused the direct and consequential damages described herein below, and for which Plaintiff sues.

## VII. NEGLIGENT MISREPRESENTATION

1. Plaintiff would show that Defendant supplied false information in the course of said Defendant's business, profession or employment, or in the course of a transaction in which Defendant's has a pecuniary interest, and that such information was supplied by Defendant's for the guidance of Plaintiff's in the transaction described hereinabove.

2. Defendant's failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff's avers that Plaintiff's suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information. Plaintiff's therefore asserts a cause of action for negligent misrepresentation against Defendant's, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W. 2d 439 (Tex. 1991)

## VIII. CAUSE OF ACTION AND CLAIM FOR BREACH AND CONVERSION UNDER CONTRACT AGAINST U.S. BANK NATIONAL ASSOCIATION

1. The Trustee Defendant owed a duty of care as trustee to Plaintiff's under the Deed of Trust agreement dated February 28, 2003. As a direct and proximate result of the Trustee's failure to disclose the true nature of the trust relationship, and failing to inform

5

Plaintiff that upon executing the said Deed of Trust agreement, Plaintiff' made a gift of their property to the trust.

2.      Due to this negligence Plaintiff has sustained consequent and proximate injuries for (a) breach of fiduciary duty; (b) conversion of property; (c) personal injury; (d) unjust enrichment; (e) financial loss according to proof; (f) interference with a business relationship; and (g) deprivation of the right to use and enjoyment.

3.      Plaintiff further alleges that Trustee has violated the trust that Plaintiff should reasonably expect from that officer.  Trustee knowingly withheld information from Plaintiff that was of a vital nature to Plaintiff's wellbeing by failing to disclose that, under the terms of the Deed of Trust as an alleged contract, Plaintiff were bring to require to gift their property to the Mortgage Company without any corresponding consideration in return.   As such, Trustee knowingly participated in deceit; fraud, larceny, and racketeering in a scheme to unlawfully take away Plaintiff property.

## VIIII. CAUSE OF ACTION FOR CANCELLATION

1.      Plaintiff requested that the Original Note be brought to court for inspection and review for the purpose of authentication Under Rules of Evidence, and for cancellation due to Fraud in the Inducement.

2.      Plaintiff request that also the Original Deed of Trust to be brought to court for inspection and review to authenticate Under Rules of Evidence for canceling.

3.      Plaintiff seeking restitution on the basis of his unilateral rescission of a contract is entitled to complete relief.  Specific reasons for requesting cancellation of the Deed of Trust is that upon the Note being cancelled, the Deed of Trust is no longer a valid

document due to the merger rule upon which the Trust is terminated by operation of law and for fraud in the inducement.

## ECONOMIC AND ACTUAL DAMAGES

Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

(a) Out-of-pocket expenses.

(b) Loss of use.

(c) Expenses for psychological care and counseling.

(d) Reasonable medical care and expenses in the past.

(e) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future.

(f) Cost of medical monitoring and prevention in the future.

## DAMAGES FOR MENTAL ANGUISH

1. Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant's had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

2. As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the

recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

1. As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant's had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

2. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant's specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Therefore, Plaintiff's is entitled to recover multiple damages as provided by 17.50(b) (1) of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

1. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 27.01(e) of the Texas Business and Commerce Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## INADEQUATE REMEDY AT LAW AND INJUCTIVE RELIEF

1. The Plaintiffs will show that there is no remedy at law that is clear and adequate to protect the Plaintiff property interest against this wrongful foreclosure by the Defendants. The Plaintiffs requests injunctive relief not merely for delay, but so justice may be done to perform any equitable acts the court deems necessary.

2. Plaintiff seek to preserve the status quo in this matter until a final trial on the merits of Plaintiff claims, unless Defendants temporarily restrained during the pendency of this litigation. Defendants will sell property, and as more set forth below, will cause Plaintiff irreparable injury for which there is no adequate remedy at law, Plaintiff seek recovery from Defendants. The nature of this lawsuit is to stop a wrongful foreclosure. Plaintiff is likely to succeed on the merits of its lawsuit because Plaintiff can prove each and every element of that cause of action against Defendants. Unless this Honorable Court temporarily restrains the Defendants until a final trial on the merits of the Plaintiff case. The Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law give more specifically, Plaintiff will show the court following:

A. The harm to Plaintiff is imminent because the Plaintiff would lose her right and equity right.

B. This imminent harm will cause Plaintiff irreparable injury in that once the property has been sold to a bonafide purchaser, the Plaintiff cannot purchase back for the balance of the note plus costs.

C. There is no adequate remedy at law which will give Plaintiff complete, final and equity relief because once the Defendants have sold the residence to a bonafide

purchaser; Plaintiff would not be able to reclaim the property if Plaintiff were to prevail on the merits.

Furthermore, Plaintiff should be granted a temporary injunction because:

A. Plaintiff is entitled to relief demanded above, and all or part of the relief requires the restraint of the acts described above which are prejudicial to the Plaintiff.

## BOND

Plaintiff is willing to post a reasonable temporary restraining order bond and request the court to set such bond.

## REMEDY

1. Plaintiff has met Plaintiff burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff are entitled to the requested temporary injunction order. Plaintiff requests the court to enjoin Defendants from selling the property.

2. It is essential that the Court temporarily enjoin Defendants, Defendants herein, from these acts until final trial on the merits of Plaintiff case. In order to preserve the status quo during the pendency of this action, the Defendants should be cited to appear and show cause why they should not be temporarily enjoined from selling the property. On final trial on the merits, that the Court permanently enjoin Defendants, Defendants herein, from selling the property.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED, LISA A. WILLIAMS**, Plaintiff herein, respectfully prays that:

A.  That the foreclosure sale be enjoined.

B.  **DOVENMUEHLE MORTGAGE INC, and LNV CORPORATION** Defendants, will be cited to appear and answer herein;

C.  After notice and hearing, a temporary injunction will issue without notice to Defendants enjoining and restraining **DOVENMUEHLE MORTGAGE INC, and LNV CORPORATION**, Defendant, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly reselling, evicting or attempting to resell the trust property that is listed on the power of sale in the deed of trust;

D.  The court set a reasonable bond for the temporary injunction; After trial on the merits, the Court permanently **DOVENMUEHLE MORTGAGE INC, and LNV CORPORATION**, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly selling the property.

E.  Plaintiff recover cost of suit and attorney's fees.

   For such other and further relief, in law or in equity, to which Plaintiff
   may be justified entitled.

F.  Cancel the Original Promissory Note for failure of consideration, fraudulent inducement, material misrepresentation and violations of various federal laws under TILA and RESPA by Defendants.

11

G. Rescind or cancel the Deed of Trust which was executed in conjunction with the Promissory Note.

H. Award monetary damages for fraud in fact and usury in violation of federal and state law forbidding such practices.

I. Award monetary amounts for the damages, plus punitive amounts, incurred for failure to disclose, failure of consideration to alienate, breach of trust, misfeasance, malfeasance and nonfeasance of the trustee, under the Deed of Trust by Defendants.

J. Award monetary amounts for damages, plus punitive amounts, for (a) mail fraud, (b) wire fraud, and (c) securities fraud under the civil Racketeering influenced and corrupt Organizations Act.

K. That the Temporary Restraining Order be granted ExParte.

**Respectfully submitted,**

By: _____
Foreclosure Assistant Legal Center
Lanease D. Fuller
State Bar No. 07522750

By: _____
Foreclosure Assistant Legal Center
Barbara J. Hudson
State Bar No. 10454200
4615 Southwest Frwy. Suite 820
Houston, Texas 77027
Telephone (713) 621-1973
Facsimile (713) 439- 7471
**ATTORNEY(S) FOR PLAINTIFF**

## REQUEST FOR DISCLOSURE

1. Pursuant to Rule 194, Plaintiffs are requested to disclose, within thirty (30) days of service of the request, the information or material described in Rule 194.2(a), (b),(c),(d), (e),(f),(g),(h),(i),(j),(k) and (l).

## REQUEST FOR PRODUCTION

1. Plaintiff request that Defendant's produce the original note signed by the Plaintiff when she purchased the subject property, namely 10009 Forest Spring Lane Pearland, Texas 77584.