IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA WILLIAMS, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 4:12-cv-00252 |
| | § | |
| DOVENMUEHLE MORTGAGE, INC. | § | |
| and LNV CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT LNV CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant LNV CORPORATION ("LNV" or "Note-holder") files the following motion to dismiss this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6). Alternatively, LNV moves for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e).

NATURE AND STAGE OF THE PROCEEDING

1. This action arises from a residential mortgage loan to the Plaintiff in 2003. Plaintiff has alleged a long list of causes of action under both federal and state law and seeks an injunction against foreclosure.

2. This action was originally filed in the 149th Judicial District Court of Brazoria County, Texas on December 5, 2011. The following day, on December 6, 2011, Plaintiff filed her Amended Original Petition for Quiet Title and Request for Temporary Restraining Order

DEFENDANT LNV CORPORATION'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE,
FOR MORE DEFINITE STATEMENT

PAGE 1

("Petition"). On that date, the state court signed an ex parte temporary restraining order that expired by its own terms on December 16, 2011. Neither LNV nor codefendant Dovenmuehle Mortgage, Inc. ("DMI") has ever been served with process in state court or in this Court.

3. On January 25, 2012, LNV filed a Notice of Removal to this Court. Because DMI had not been served, consent to removal was not required. *Lewis v Rego Co.* 757 F.2d 66, 68 (3d Cir. 1985).[1]

SUMMARY OF THE ARGUMENT

4. Plaintiff's Petition is a lengthy, sometimes incoherent, "shotgun" pleading that recites elements of various causes of action with no meaningful pleading of any supporting facts and vague references to various state and federal statutes unaccompanied by any explanation of their applicability to her home mortgage loan. The Petition does not satisfy federal court pleading standards under Fed. R. Civ. Pro. 8 and should either be dismissed or Plaintiff should be required to plead a more definite statement.

5. Additionally, based on Plaintiff's one (and perhaps only) clear and specific allegation that she executed her home mortgage note ("Note") and Deed of Trust ("Deed of Trust") almost nine (9) years ago, on February 28, 2003, most, if not all, of her claims and causes of action are barred by the applicable statute of limitations on the face of her pleadings.

6. Insofar as possible, LNV will address the claims in the order in which they appear in the Petition. Some claims appear and reappear in more than one place and will be grouped together for argument.

---

[1] LNV is the note-holder and current mortgagee. DMI is the loan servicer. See Petition, Section V, paragraphs 4 and 5 on p. 4

## STANDARD OF REVIEW

7. Fed. R. Civ. Pro. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Under Fed. R. Civ. Pro. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not required detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937, 1949 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 662 (2007). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual mater, accepted as true to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plaintiff's pleading simply does not measure up against these standards.

8. Furthermore, if allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 210 (2007). A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001); *See also Lopez-Gonzales v. Municipality of Comerio*, 404 F.3d 548, 551 (1st Cir. 2005) (dismissing complaint barred by limitations under Rule 12(b)(6)).

## ARGUMENT AND AUTHORITIES

9. <u>Plaintiff fails to state a claim for injunctive relief</u>. In section IV, paragraph 1 on page 2 of the Petition, Plaintiff describes this action as " . . . a suit to enjoin a nonjudicial foreclosure sale by Defendants . . ." On pages 9-10 and in the prayer, Plaintiff further pleads an inadequate remedy at law and entitlement to injunctive relief. In order to establish such an entitlement, Plaintiff must show a substantial likelihood of success on the merits of her case. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975). Plaintiff has not pleaded a single meritorious cause of action upon which relief can be granted, and cannot show a likelihood of success on the merits. Plaintiff's claim for injunctive relief is based on a series of erroneous legal assumptions and groundless causes of action, and it must therefore be dismissed. *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 996768 at *3 (N.D. Tex. Feb. 1, 2010).

10. <u>Plaintiff has failed to state a claim for negligence or bad faith</u>. In section IV, paragraph 2 of her Petition on page 2, Plaintiff " . . . alleges negligence, bad faith, and other elements of law." Plaintiff does not plead any facts from which the Court can reasonably infer a duty owed to her by LNV or how LNV breached that duty. No duty of good faith arises in a debtor – creditor relationship. *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990). As a matter of law, there is no fiduciary relationship between a lender and a debtor. *Brazosport Bank of Texas v. Oak Park Townhomes*, 889 S.W.2d 676 (Tex. App. – Houston [14th Dist.] 1994, writ denied); *Manufacturers Hanover Trust Co. v. Kingston Investment Corp.*, 819 S.W.2d 607, 610 (Tex. App. – Houston [1st Dist.] 1991, no writ); *Nance v. Resolution Trust Corp.*, 803 S.W.2d 323, 333 (Tex. App. – San Antonio 1990, writ denied).

11. <u>Plaintiff has otherwise failed to state a claim upon which injunctive relief can be granted</u>. The Note-holder is not required to prove its status as a holder in due course in order to exercise its foreclosure rights. The Note-holder has no burden of proof under any sort of "Show-

Me-The-Note" theory (as it is often colloquially referenced) because it is inapplicable to nonjudicial foreclosure proceedings. The courts have roundly rejected this notion because Tex. Prop. Code §51.002 does not require possession or production of the original note. In *Wells v. BAC Home Loans Servicing, LP*, 2011 WL 2163987 (W.D. Tex. 2011), Judge Smith explained that:

> Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the Deed of Trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding. Furthermore, Texas courts have refused to conflate foreclosure with enforcement of a promissory note. They have stated, 'Where there is a debt secured by a note, which is in turn, secured by a lien, the lien and the note constitute *separate obligations*.' The right to recover on the note and the right to foreclose are severable and may be enforced separately. [at *2, emphasis supplied, internal citations omitted]

Even if the law did impose such a burden of proof, Plaintiff has expressly admitted in paragraphs 3 and 5 of section V of her Petition that the current mortgagee is LNV or DMI and/or that DMI is the loan servicer. As such, there can be no issue as to the authority of either defendant to conduct the foreclosure, and therefore, no grounds upon which injunctive relief can be granted.

12. Plaintiff's allegation that she was not given proper notice of foreclosure is moot because the foreclosure scheduled for December 6th never occurred because of the ex parte TRO; however, the argument is based on a mistaken understanding of the notice requirements. Before exercising the right to accelerate, the Note-holder (or authorized servicer) must give the debtor (i) notice of intent to accelerate; and (ii) notice that the debt has been accelerated. *Holy Cross Church v. Wolf*, 44 S.W.3d 562, 566-567 (Tex. 2001); Tex. Prop. Code §§51.002, 51.0025. This notice must give the debtor opportunity to cure the default and apprise the debtor that failure to cure the default will result in acceleration of the note and foreclosure. Stanley v. CitiFinancial

*Mortgage, Inc.*, 121 S.W.3d 811, 818 (Tex. App. – Beaumont 2003, pet. denied). After such notice, if the debtor fails to cure the default, the Note-holder may then accelerate the indebtedness and proceed with notice of foreclosure. *Stanley*, 121 S.W.3d 811, 818. Notice of intent to accelerate followed by a notice of foreclosure and trustee's sale constitutes notice that the debt has been accelerated. *Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Limited Partnership*, 980 S.W.2d 916, 919 (Tex. App. – Fort Worth 1998, pet. denied); *McLemore v. Pacific Southwest Bank, FSB*, 872 S.W.2d 286, 291 (Tex. App. – Texarkana 1994, writ dism'd) Plaintiff has confused the notice of intent to accelerate with the notice of acceleration, which may be served simultaneously with the notice of sale, or the notice of sale itself constitutes notice of acceleration. Plaintiff has not pleaded a legal or factual defect in the foreclosure procedure that would entitle her to injunctive relief.

13. <u>Plaintiff has failed to state a claim for failure of consideration</u>. Plaintiff's claim of a failure of consideration is unintelligible. Failure of consideration is generally considered an affirmative defense to a breach of contract claim based on a prior material breach of contract, not a claim in and of itself. Tex. R. Civ. Pro. 94; *Murphy v. Canion*, 797 S.W.2d 944, 949 (Tex. App – Houston, 14th Dist. 1990, no writ). Rather, Plaintiff appears to be alleging a lack of consideration by claiming in section VI of the Petition that no value was contributed by the "lender" thereby rendering the Note and Deed of Trust invalid. Lack of consideration is also a defense, not a claim. Tex. R. Civ. Pro. 93. The pleading is unsupported by any factual detail, yet the Plaintiff admits consideration in section V of the Petition by alleging that she purchased her home with the proceeds of the note, secured by a deed of trust. The facts pleaded by Plaintiff herself negate her claim of a failure or lack of consideration.

14. <u>Plaintiff has failed to state a claim for fraud or negligent misrepresentation</u>. The subheading for section VI of the Petition refers to "common law fraud," but the pleading itself includes no mention whatsoever of any facts to support a claim for fraud. Under the section subheading "Attorney's Fees," Plaintiff also refers to Tex. Bus. & Com. Code §27.01(e) ("Fraud in Real Estate and Stock Transactions"). Fed. R. Civ. Pro. 9(b) requires that a party must state with particularity the circumstances constituting fraud. Plaintiff pleads no material misrepresentation, false promise or omission intended to induce Plaintiff into the loan transaction, or that Plaintiff relied on any such misrepresentation. The Petition is absolutely void of any factual matter to establish a claim for fraud plausible on its face in order to meet federal pleading requirements.

15. In any event, the alleged misrepresentations would not be actionable under Tex. Bus. & Com. Code §26.02(c), which provides that the rights and obligations of the parties to a written loan agreement shall be determined solely from the written loan agreement, and any prior oral agreements between the parties are superseded by and merged into the written loan agreement. §26.02(d) further provides that a written loan agreement may not be varied by any oral agreement or discussion that occurs before or contemporaneously with the execution of the agreement.

16. Likewise, the Petition includes in section VII a formulaic recitation of the legal elements of a claim for negligent misrepresentation without any factual detail in terms of what false information was supplied by LNV, or how Plaintiff relied on such information, or what pecuniary loss was sustained by Plaintiff as a result thereof. This pleading does not state a claim upon which relief can be granted.

17. Under Texas law, reliance is a common element of causes of action for common law and statutory fraud and negligent misrepresentation. *Grant Thornton, LLP v. Prospect High Income* Fund, 314 S.W.3d 913, 923 (Tex. 2010). A party cannot rely on a representation made by another party after the fact. *Zarr v. Omni Industries*, 813 F.2d 689, 693 (5th Cir. 1987) (reliance cannot occur after a contract is a fait accompli); *Wrights v Red River FCU*, 71 S.W.3d 916, 920 (Tex. App. – Texarkana 2002, no pet.); *Banks v Merritt*, 537 S.W.2d 494, 496 (Tex. Civ. App. – Tyler 1976, no writ). Therefore, Plaintiff's cause of action for fraud or negligent misrepresentation, if any, could have only accrued at or prior to the time she executed the note and deed of trust on February 28, 2003.

18. Under Texas law, the statute of limitations applicable to fraud is four years. Tex. Civ. Prac. & Rem. Code §16.004(a)(4). The cause of action normally accrues when the defendant makes a false representation or omission. *Hoover v. Gregory*, 835 S.W.2d 668, 676 (Tex. App. – Dallas 1992, pet. denied). A two-year statute of limitations applies to a claim of negligent misrepresentation. *Texas American Corp. v. Woodbridge*, 809 S.W.2d 299, 302 (Tex. App. – Fort Worth 1991, writ denied). Plaintiff's claims were filed almost nine (9) years after the latest date they could have accrued and are therefore barred on the face of her petition.[2]

19. <u>Plaintiff's claim for breach and conversion under contract against U.S. Bank, National Association has no relevance to this loan.</u> In section VIII of the Petition, Plaintiff pleads against an unnamed, unidentified, and unknown "Trustee Defendant" a variety of causes of

---

[2] Plaintiff has not pleaded the discovery rule, which under Texas law provides a very limited exception to the statutes of limitations and defers a cause of action if (1) the nature of the injury incurred is inherently undiscoverable, and (2) evidence of the injury is objectively verifiable. *Beavers v. Metropolitan Life Insurance Co.*, 566 F.3d 436,439 (5th Cir. 2009). The general rule in Texas is that the discovery rule does not apply in a contractual context because diligent contracting parties should generally discover any breach during the relatively long four-year period. *Via Net v. TIG Insurance Co.*, 211 S.W.3d 310, 315 (Tex. 2006).

action, including (i) breach of fiduciary duty, (ii) conversion of property, (iii) personal injury, (iv) unjust enrichment, (v) financial loss, (vi) interference with a business relationship, (vii) deprivation of the right to use and enjoyment; (viii) fraud, (ix) deceit, (x) larceny, and (xi) racketeering in a scheme to unlawfully take away Plaintiff's property. U.S. Bank, National Association is not a party to this action. Plaintiff pleads no facts to implicate U.S. Bank, National Association. The identity of the "Trustee Defendant" and how he committed the alleged laundry list of wrongful acts is a mystery. This pleading does not satisfy the minimal standard in Fed. R. Civ. Pro 8(a)(2) requiring a short, plain statement of the claim showing that Plaintiff is entitled to the relief sought. Section VII of the Petition not only fails to state a claim, it is completely unintelligible.

20. <u>Plaintiff fails to state a claim for cancellation of the Deed of Trust</u>. In section VIIII [sic] of the Petition, Plaintiff requests that the original note be brought to court for inspection and for cancellation of the Note and Deed of Trust for fraud in the inducement. As previously addressed herein, LNV has no legal obligation to produce the original note, and Plaintiff has not stated a fraud claim upon which relief can be granted. Accordingly, the argument and authorities in paragraphs 10 and 13-16 of this motion are incorporated by reference.

21. <u>Plaintiff has failed to state a claim for damages or attorney's fees under the DTPA</u>. On pages 7 and 8 of the Petition, Plaintiff alleges an entitlement to recovery of economic and actual damages, damages for mental anguish and attorney's fees under Tex. Bus. & Com. Code §§17.49 and 17.50 (the Texas Deceptive Trade Practices Act, "DTPA"); however, Plaintiff pleads no false, misleading, or deceptive acts or practices allegedly committed by LNV or any other conduct actionable under the DTPA. Consistent with the preceding sections of the Petition,

the pleading includes no factual substance and is nothing more than a series of labels and conclusions, which the Supreme Court has repeatedly ruled to be deficient for purposes of surviving a Rule 12(b)(6) motion.

22. Notwithstanding the deficiency of the pleading, Plaintiff has not stated a claim upon which relief can be granted under the DTPA for three other reasons. First, Plaintiff is not a consumer with standing to bring an action under the DTPA. Under the DTPA, the issue of consumer status is a question of law for the court to decide. *Marketic v. U.S. Bank, N.A.*, 436 F.Supp.2d 842, 854 (N.D. Tex. 2006); *Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 401 (Tex. App. – San Antonio 2000, no pet.) In all cases, a plaintiff must qualify as a "consumer" in order to have standing to bring an action under the DTPA. *Mendoza v. American National Insurance Co.*, 932 S.W.2d 605, 608 (Tex. App. – San Antonio 1996, no writ). To qualify as a "consumer" under the DTPA, a person must have sought or acquired goods or services by purchase or lease, and the goods or services must form the basis of the complaint. Tex. Bus. & Com. Code §17.45(4); *Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 166 (Tex. App. – Austin 1996, no writ). For purposes of the DTPA, it is well settled that a loan is not a good or service. *LaSara Grain Co. v. First National Bank*, 673 S.W.2d 558, 567 (Tex. 1984); *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980); *Marketic, id.*(home equity loan); *Maginn, id.* (home mortgage loan); *Waite v. BancTexas-Houston*, 792 S.W.2d 538, 541 (Tex. App. – Houston [1st Dist.] 1990, no writ) (real estate loans); *Briercroft Service Corp. v. de los Santos*; 776 S.W.2d 198, 205-206 (Tex. App. – San Antonio 1989, writ denied) (home improvement loan); *Smith v. U.S. National Bank*, 767 S.W.2d 820, 824 (Tex. App. – Texarkana 1989, writ denied) (refinancing of third-party debt).

DEFENDANT LNV CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

PAGE 10

23. Secondly, the claim is barred by the statute of limitations on the face of the pleading. Under Tex. Bus. & Com. Code §17.565, a claim under the DTPA must be brought within two years after the false, misleading, or deceptive act or practice occurred, or within two years after the consumer discovered or should have discovered the occurrence. Like fraud and negligent misrepresentation, reliance is also an element of a DTPA claim under Tex. Bus. & Com. Code §17.50(a)(1)(B). Since Plaintiff could not have relied on a false, misleading, or deceptive act or practice after the fact and has not pleaded any grounds for application of the discovery, rule the cause of action could have accrued no later than the execution of the note and deed of trust almost nine (9) years ago on February 28, 2003.

24. Third, the alleged misrepresentations would not be actionable under the statute of frauds in Tex. Bus. & Com. Code §26.02(c) and (d) cited above in connection with Plaintiff's fraud allegations.

25. <u>Plaintiff has failed to state a claim under RESPA or TILA</u>. In the Prayer on page 11 of the Petition, Plaintiff pleads for cancellation of her mortgage note for ". . . violation of various federal laws under TILA and RESPA by Defendants." Again, there is no factual matter whatsoever alleged to support any such claims. RESPA specifically provides that nothing in the act shall affect the validity or enforceability of any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan. 12 U.S.C. §2615. In addition, 12 U.S.C. §2614 applies a one-year statute of limitations from the date of a violation of §2607 (as a practical matter, the only conceptually actionable claim the Plaintiff could have).

26. Plaintiff has not stated a claim upon which relief can be granted under the Truth in Lending Act, first of all, because she has pleaded in section V of the Petition that her note and deed of trust were executed to purchase her property. The loan is therefore a "residential

mortgage transaction" as defined under 15 U.S.C. 1602, to which the right to cancel does not apply under 15 U.S.C. 1635(e)(1). Secondly, a one-year statute of limitations is applicable to an action under the Truth in Lending Act. 15 U.S.C. §1640(e), and Plaintiff pleads that she executed the note and deed of trust almost nine (9) years ago.

27.     <u>Plaintiff has not stated a claim upon which relief may be granted for usury</u>. Again, in the Prayer, the Petition makes nothing more than a passing reference to "usury" as a basis for recovery of damages. How or why the note is usurious is left to the court's imagination. Plaintiff's claim is barred on its face for two reasons. First of all, as a matter of federal law under the Depository Institutions Deregulation and Monetary Control Act (DIDMCA), the provisions of any state law expressly limiting the rate or amount of interest, discount points, finance charges, or other charges are inapplicable to the Plaintiff's loan. 12 U.S.C. §1735f-7a. Secondly or alternatively, the statute of limitations applicable to usury claims in four (4) years, as provided by Tex. Fin Code §305.006.

28.     <u>Plaintiff has failed to state a RICO claim</u>. In the next to last subpart of the Prayer on page 12 of the Petition, Plaintiff pleads for recovery of damages for mail fraud, securities fraud, and wire fraud under the civil Racketeer Influenced Corrupt Organizations Act. Plaintiff pleads no factual matter to establish how or when LNV allegedly committed such fraud, and these allegations alone fall well short of any statement of a plausible claim under RICO. In *Trinidad v. IDI Holdings PR, Inc.*, 708 F.Supp.2d 137, 143 (D. Puerto Rico 2005), the court dismissed a complaint pursuant to Rule 12(b)(6), ruling that the plaintiff failed to alleged the defendant's acts of mail and wire fraud with the requisite specificity when the complaint contained no detailed allegations as to time, place, or content of the Defendant's alleged acts.

The applicable statute of limitations is four (4) years. *Agency Holding Corp. v. Malloy Duff & Associates*, 483 U.S. 143, 146 (1987).

## CONCLUSION

29. Plaintiff has pleaded over twenty (20) causes of action with almost no factual matter to support the claims. The Petition clearly does not include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as required by the Supreme Court in *Ashcroft v Iqbal*, 556 U.S. 662 (2009) Most of such claims are barred as a matter of law on the face of the Petition. The Court should infer from the glaring lack of factual content that the claims are without merit and should be dismissed. Alternatively, Plaintiff should be required to replead a more definite statement of her claims, without prejudice to LNV's right to re-file its motion to dismiss.

Respectfully submitted,

s/ *Thomas G. Overbeck*
Thomas G. Overbeck
State Bar no. 15353450
Southern District no. 5531

ATTORNEY IN CHARGE FOR
DEFENDANT, LNV CORPORATION

Of Counsel:
GREGG & VALBY, PC
1700 West Loop South, Suite 200
Houston, Texas 77027
(713) 960-1377
(713) 960-1809 (fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on counsel of record for the Plaintiff in accordance with the Administrative Procedures for Electronic Case

Filing in the Southern District of Texas on the 6th day of February, 2012 by the Notice of Electronic Filing from the Court's Electronic Filing System and/or by deposit into the care and custody of the United States Postal service in an envelope addressed to:

> Lanease D. Fuller
> Barbara J. Hudson
> FORECLOSURE ASSISTANT LEGAL CENTER
> 4615 Southwest Freeway, Suite 820
> Houston, Texas 77027

s/ <i>Thomas G. Overbeck</i>
Thomas G. Overbeck

DEFENDANT LNV CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

PAGE 14