IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA A. WILLIAMS, | § | |
| | § | |
| Plaintiff | § | |
| | § | No.   4:12-cv-00252 |
| LNV CORPORATION and | § | |
| DOVENMUEHLE MORTGAGE, INC., | § | |
| | § | |
| Defendants. | § | |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HON. LYNN HUGHES, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

NOW COME Defendants LNV CORPORATION and DOVENMUEHLE MORTGAGE, INC. and file this Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. Pro. 12(b)(6) the above-entitled and numbered action:

### PROCEDURAL BACKGROUND

1. This is the Plaintiff's third lawsuit arising from the default on her residential mortgage loan and subsequent foreclosure. The litigation between the parties originated in state court over three years ago when Plaintiff filed cause number 65980 in the 149th Judicial District Court of Brazoria County on December 11, 2011.

2. On January 25, 2012, Defendants filed a notice of removal to this Court under Civil Action no. 4:12-cv-00252. Defendants then filed a motion to dismiss for failure to state a claim, which this Court granted by signing an order of Final Dismissal entered on April 19, 2012. The order also provided that "[i]f she contests the trustee's foreclosure, she must do it by moving to reopen this case."

3. Contrary to Court's order, the Plaintiff re-filed a second lawsuit under cause no. 71424 in the 149th District Court of Brazoria County on February 5, 2013, but non-suited the action on February 15, 2013.

4. On December 1, 2014, Plaintiff filed a third petition under cause number 79621 in the 412th Judicial District Court of Brazoria County. Defendants filed a Notice of Removal on December 30, 2014, initiating Civil Action no. 4:14-cv-03721 in Judge Ellison's Court.

5. On February 5, 2015, Defendants filed a Motion to Transfer and Consolidate the action in Judge Ellison's Court with this action and a Motion to Reopen this action to comply with this Court's previous order. Both motions were granted, bringing the consolidated action before this Court.

## SUMMARY OF THE ARGUMENT

6. Plaintiff's claims in her most recent cause of action, filed in December, 2014, were previously litigated or could have been litigated in this cause of action back in 2012. They are therefore barred by the doctrine of res judicata and must be dismissed with prejudice.

7. To the extent Plaintiff is alleging claims based on circumstances arising subsequent to the dismissal of her action in 2012, she has pleaded no factual or legal grounds to support such claims.

## STANDARD FOR REVIEW

8. Fed. R. Civ. Pro. 12(b)(6) provides for dismissal of a complaint for "failure to state a claim for which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal, Id.* at 678. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, *Id.* (internal quotation marks omitted.)

**ARGUMENT AND AUTHORITIES**

*Res Judicata Precludes Plaintiffs' Claims*

9. Plaintiff's claims are a nothing more than a condensed reiteration of claims she previously filed in her 2012 action, as a futile attempt to frustrate and delay a foreclosure sale which has already occurred. Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005). Claims that are barred by res judicata should be dismissed for failure to state a claim. *See Stevens v. Bank of America, N.A.*, 587 Fed. Appx. 130, 133 (5th Cir. 2014) (affirming judgment dismissing claims barred by res judicata for failure to state a claim). For a claim to be barred on the grounds of res judicata, four elements must be satisfied: (1) the parties are identical to, or in privity with, those in a prior action; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action ended with a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases. *Id.* A cause of action is the same as a first action if both actions arise out of the "same nucleus of operative fact." *Stevens* at 133. Causes of action related to default and wrongful foreclosure emerge from

the same nucleus of operative facts, and a mere change in the styling of the action does not avoid claim preclusion. *See Id.* Here, all elements of the res judicata test are met. The Plaintiff and Defendants are identical to the previous cause of action. This court had jurisdiction over the previous action and rendered a final dismissal for failure to state a claim. Both causes of action relate to a common nucleus of facts relating to Plaintiff's default on her mortgage loan and Defendants attempts to enforce their rights under the Deed of Trust. Accordingly, on the face of Plaintiff's petition, her cause of action is barred by res judicata and must be dismissed with prejudice.

*Plaintiff's Allegations of Unfair Treatment Do Not State a Claim*

10. The cause of action Plaintiff attempts to plead in section 2 of her petition is not a cause of action at all. The Defendant has no burden of proof under any sort of "Show-Me-The-Note" theory (as it is often colloquially referenced) because it is inapplicable to nonjudicial foreclosure proceedings. The courts have roundly rejected this notion because Tex. Prop. Code §51.002 does not require possession or production of the original note. *Wells v. BAC Home Loans Servicing, LP*, 2011 WL 2163987 at *2 (W.D. Tex. 2011).

11. No basis in law exists to establish a duty of good faith and fair dealing. In Texas, no special duty arises from a relationship between a mortgagor and a mortgagee. *Collier v. Wells Fargo Home Mortgage*, 2006 WL 1464170 *8 (N.D. Tex. May 26, 2006); *Brazosport Bank of Texas v. Oak Park Townhomes*, 889 S.W.2d 676 (Tex. App. – Houston [14th Dist.] 1994, writ denied); *Manufacturers Hanover Trust Co. v. Kingston Investment Corp.*, 819 S.W.2d 607, 610 (Tex. App. – Houston [1st Dist.] 1991, no writ); *Nance v. Resolution Trust Corp.*, 803 S.W.2d 323, 333 (Tex. App. – San Antonio 1990, writ denied).

*Plaintiff's Fraud Claim is Groundless*

12. The fraud claim Plaintiff attempts to plead does not satisfy the requirements of Fed. R. Civ. Pro. 9. Furthermore, any alleged promises or misrepresentations about modifying the Plaintiff's loan would be unenforceable under the statute of frauds in Tex. Bus. & Com. Code §26.02.

*Plaintiff is not a Consumer with Standing to Sue under the DTPA*

13. Plaintiff has no claim under the DTPA because she is not a "consumer" in the context of the statute. The issue of consumer status is a question of law for the court to decide. *Marketic v. U.S. Bank, N.A.*, 436 F.Supp.2d 842, 854 (N.D. Tex. 2006); *Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 401 (Tex. App. – San Antonio 2000, no pet.) In all cases, a plaintiff must qualify as a "consumer" in order to have standing to bring an action under the DTPA. *Mendoza v. American National Insurance Co.*, 932 S.W.2d 605, 608 (Tex. App. – San Antonio 1996, no writ). To qualify as a "consumer" under the DTPA, a person must have sought or acquired goods or services by purchase or lease, and the goods or services must form the basis of the complaint. Tex. Bus. & Com. Code §17.45(4); *Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 166 (Tex. App. – Austin 1996, no writ). For purposes of the DTPA, it is well settled that a loan is not a good or service. *LaSara Grain Co. v. First National Bank*, 673 S.W.2d 558, 567 (Tex. 1984); *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980); *Marketic, id.* (home equity loan); *Maginn, id.* (home mortgage loan); *Waite v. BancTexas-Houston*, 792 S.W.2d 538, 541 (Tex. App. – Houston [1st Dist.] 1990, no writ) (real estate loans); *Briercroft Service Corp. v. de los Santos*; 776 S.W.2d 198, 205-206 (Tex. App. – San Antonio 1989, writ denied) (home improvement loan).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants move to dismiss this action with prejudice for failure to state a claim and for such further relief at law and in equity to which Defendants may be entitled.

    Respectfully Submitted,

    GREGG & VALBY, P.C.

by:   *s/ John H. Miller, III*
    Thomas G. Overbeck
    State Bar No. 15353450
    S.D. Tex. No. 5531
    John H. "Jack" Miller, III
    State Bar No. 24083503
    S.D. Tex. No. 1716682
    1700 West Loop South, Suite 200
    (713) 960-1377
    (713) 960-1809 (fax)

    Attorneys for Defendants,
    LNV CORPORATION AND
    DOVENMUEHLE MORTGAGE, INC.

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this **12th** day of February, 2015 by notice through the ECF system and/or deposit into the care and custody of the United States Postal Service in an envelope addressed to:

        Lisa A. Williams
        10009 Forest Spring Lane
        Pearland, Texas 77584

          *s/ John H. "Jack" Miller, III*
          John H. "Jack" Miller, III